UNITED STATES of America,
Plaintiff–Appellee,

v.

Patricia R. ROBINSON,
Defendant–Appellant.

No. 86–3045.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 6, 1987.

Decided Nov. 20, 1987.

Shaun S. McCrea, Eugene, Or., for defendant-appellant.

James L. Sutherland, Asst. U.S. Atty., Eugene, Or., for plaintiff-appellee.

Before GOODWIN and FERGUSON, Circuit Judges, and STEPHENS,* District Judge.

STEPHENS, Senior District Judge:

On four separate occasions between May 17 and July 15 of 1985 appellant Robinson, at that time a teller for First Interstate Bank in Eugene, Oregon, accepted amounts of cash totaling over $10,000 from an undercover agent and wired the money to a bank in California. She received an agreed compensation for this service. Robinson structured her monetary transmittals so that no one transaction involved more than $10,000 to assure that none of the banks would have to file a Currency Transaction Report (CTR).[1] Although Robinson trans-

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

1. A bank or other financial institution must file a CTR for any transaction involving more than $10,000 in United States currency. 31 U.S.C. § 5313(a) provides:

When a domestic financial institution is involved in a transaction for the payment, receipt, or transfer of United States coins or currency (or other monetary instruments the Secretary of the Treasury prescribes), in an amount, denomination, or amount and denomination, or under circumstances the Secretary prescribes by regulation, the institution and any other participant in the transaction the Secretary may prescribe shall file a report on the transaction at the time and in the way the Secretary prescribes.

Through regulation the Secretary has required that:

Each financial institution other than a casino shall file a report of each deposit, withdrawal, exchange of currency or other payment or transfer, by, through, or to such financial institution which involves a transaction in currency of more than $10,000. 31 C.F.R. § 103.22(a) (1985).

mitted money by wire through First Interstate and on three of the occasions received the currency from the undercover agent at her teller window, she conducted the transactions on her own time and paid First Interstate for the wires just as would any other customer utilizing the services of the bank to transfer large or small amounts of money to a bank at a distant location. Robinson also utilized the services of other banks in addition to those of First Interstate. The indictment charged Robinson with four counts of violating 31 U.S.C. § 5313 and four counts of violating 18 U.S.C. § 1001.[2]

On October 18, 1985, a jury found appellant guilty on all counts. On January 10, 1986 *United States v. Varbel,* 780 F.2d 758 (9th Cir.1986) was decided. On January 20, 1986, prior to sentencing, appellant moved the district judge to reconsider his denial of Robinson's previous motions for acquittal in light of *Varbel.* The judge granted the motion with respect to the one count of 31

U.S.C. § 5313 and the one count of 18 U.S.C. § 1001 that stemmed from the one occasion of the four where the agent transferred currency to Robinson at a location other than at her teller window.

■■■ The plain language of section 5313 and the accompanying regulations clearly establish that only financial institutions must file CTR's. *United States v. Dela Espriella,* 781 F.2d 1432, 1435 (9th Cir.1986); *Varbel,* 780 F.2d at 762. Robinson, who acted only as a private individual, is not a financial institution.[3] This view accords with the applicable Ninth Circuit cases and is not contrary to *United States v. Thompson,* 603 F.2d 1200 (5th Cir.1979).[4] She is not a financial institution under *Dela Espriella* because the indictment did not charge her with operating a currency exchange business that failed to file CTR's.[5] Robinson, a private person, had no duty to file CTR's.

Because the individual transactions were legal, there can be no violation of 18 U.S.C.

**2.** 18 U.S.C. § 1001 provides:

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations ... shall be fined not more than $10,000 or imprisoned not more than five years, or both.

**3.** Congress and the Secretary have defined the term "financial institution" in regard to the CTR requirements. 31 U.S.C. § 5312(a)(2) provides in most pertinent part:

"financial institutions" means—
(A) an insured bank ...
(B) a commercial bank or trust company;
(C) a private banker;
(D) an agency or branch of a foreign bank....
    ....
(J) a currency exchange.
The most relevant definitions of financial institution issued by the Secretary in 103 C.F.R. § 103.11 (1985) are the following:
    (1) A bank (except bank credit card systems);
    ....
    (3) A person who engages as a business in dealing in or exchanging currency as, for example, a dealer in foreign exchange or a person engaged primarily in the cashing of checks.

**4.** Thompson was a bank chairman who used his authority at the bank to structure a $45,000 loan to Welch as five separate loans of $9,000.

Thompson personally transferred the entire $45,000 to Welch at one time. A teller failed to file a CTR because he relied on Thompson's authority. 603 F.2d at 1202. The Fifth Circuit stated that under these facts a financial institution had made an unreported physical transfer of cash totalling in excess of $10,000. 603 F.2d at 1203. Robinson acted as a private individual in her dealings with the banks whose services she used, and no single bank on any one occasion was involved in a transfer of currency of more than $10,000.

**5.** Contrary to the government's contention, *Dela Espriella* does not require upholding Robinson's conviction. In *Dela Espriella* appellant Ronderos, the ring leader of a money laundering operation, entered conditional guilty pleas to two separate violations of 18 U.S.C. § 5313. Count One involved causing a financial institution not to file CTR's, Count Six involved the operation of a currency exchange business that failed to file CTR's. 781 F.2d at 1434. Ronderos' conviction was overturned on Count One, the "crime" for which Robinson was convicted. *Dela Espriella,* 781 F.2d at 1435. The portion of *Dela Espriella* that the government contends controls the instant case relates to the reasons for affirming Ronderos' conviction on Count Six. This portion of the opinion is irrelevant in the instant case because Robinson was not charged with operating a currency exchange business that failed to file CTR's.

sec. 1001. *Id.* at 1435; *Varbel,* 780 F.2d at 762.

Appellant's conviction is REVERSED.